United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-31008
Summary Calendar**

**RONNIE M. LYLES,**

**Plaintiff-Appellant,**

**versus**

**SEACOR MARINE, INC.,**

**Defendant-Appellee.**

**Appeal from the United States District Court
Eastern District of Louisiana
(01-CV-3121)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

This *pro se* appeal by Ronnie M. Lyles arises out of his action against Seacor Marine, Inc., for damages under the Jones Act, 46 U.S.C. § 688, and general maritime law. Lyles alleged that he was injured while employed as a member of the crew of the M/V ADAM McCALL as a result of the negligence of Seacor and the unseaworthiness of the vessel. Following a bench trial, at which Lyles proceeded *pro se*, the district court entered judgment in favor of Seacor.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found that Lyles failed to prove that Seacor had been negligent or that the vessel was unseaworthy. These are findings of fact, reviewed only for clear error. *E.g.,* ***Gavagan v. United States***, 955 F.2d 1016, 1019 (5th Cir. 1992); ***Verdin v. C & B Boat Co., Inc.***, 860 F.2d 150, 154 (5th Cir. 1988). Lyles has not shown the requisite clear error.

Lyles next contends that the district court erred in declining to consider his claim for maintenance and cure, which was raised for the first time at trial. A trial court is afforded broad discretion in preserving the integrity and purpose of its pretrial orders. ***Hodges v. United States***, 597 F.2d 1014, 1017-18 (5th Cir. 1979). The obligation to pay maintenance and cure differs from liability for damages. ***Bertram v. Freeport McMoran, Inc.***, 35 F.3d 1008, 1017 (5th Cir. 1994). Lyles has not shown that the district court abused its broad discretion in declining to allow the claim to be raised for the first time at trial.

*AFFIRMED*

2